IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUWLUS A. MUHAMMAD            )
    Plaintiff,                   )
                              )
vs.                           )    C.A. No. 07-27Erie
                              )    District Judge Cohill
U.S. MARSHAL SERVICE, et al,  )    Magistrate Judge Baxter
    Defendants.                 )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants U.S. Marshal Service and Marshal Bill Doe [Document # 36] be granted in part and denied in part. Specifically, the motion to dismiss should be granted as to Defendant U.S. Marshal Service and denied as to Defendant Marshal Bill Doe.

**II.    REPORT**

Plaintiff, who is currently incarcerated at the Erie County Prison pursuant to a federal writ of *habeas corpus ad prosequendum* and awaiting sentencing on federal criminal charges, brings this civil rights action against Defendants U.S. Marshal Service, Marshal "Bill Doe", Deputy Warden Vincent Kinnane of the Erie County Prison, and Attorney David Schroeder.

Generally, Plaintiff alleges that Defendants have detained him unlawfully by failing to return him to the state prison system under which he is serving a state sentence. As to Defendants U.S. Marshal Service and Marshal Doe, Plaintiff specifically alleges, *verbatim*:

> 1) Marshall [sic] Bill Doe unlawfully in [sic] abuse of a lawful procedure rendered custody upon the Plaintiff to the custody and jurisdiction of the Erie County Prison 2) knowing Plaintiff was a state prisoner under state jurisdiction 3) released from federal custody and detention on bail August 4, 2005, from a federal indictment ordering and releasing the Plaintiff back into state custody to

1

> continue serving out a state ordered sentence 4) leaving the Plaintiff in the Erie County Prison custody and 5) unlawful jurisdiction for over one and a half years to present date without lawful authorization and due process to do so.

Document # 5, Complaint, page 2. Plaintiff argues that he has been hindered in the overall rehabilitation process since he could not take maximum advantage of his state institutional opportunities for the last two years. Plaintiff maintains that as a result of this unlawful incarceration at Erie County Prison (as opposed to his lawful incarceration within the state correctional system), he has suffered harm which constitutes atypical and significant hardship. This harm includes: being classified as a maximum security prisoner; being ineligible for reassignments or transfer to less than maximum security and trustee status; being ineligible for study release and work release programs; being ineligible for preferred prison jobs which carry higher wages and entitle those holding them to additional good time credits, for furloughs, and training programs; being ineligible to live in preferred quarters such as dormitories outside prisons walls; being inhibited by the denial of possibility of parole or any community half-way house; being ineligible for any contact visits with family. Plaintiff also complains that due to his unusual status, he has not received needed dental and medical care during this period of time. As relief, Plaintiff seeks monetary damages.[1]

Defendants U.S. Marshal Service and Marshal Bill Doe have filed a motion to dismiss [document # 36] and Plaintiff has filed a brief in opposition [document # 39]. The issues are fully briefed and this motion is ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If

---

[1] Plaintiff has also filed a petition for *writ of habeas corpus*. See Muhammad v. Kinnane, C.A.No. 07-22E.

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2)  Motion to dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the

light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### C. The Prison Litigation Reform Act

Defendants U.S. Marshal Service and Marshal Bill Doe argue that this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies in accordance with the mandate of the Prison Litigation Reform Act.

#### 1) The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional Facility until such *administrative remedies as are available* are exhausted.

Id. (italics added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the

4

available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

5

seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2) The Administrative Process Available to Erie County Prison Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to inmates at the Erie County Prison. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Erie County Prison has established a multi-tier system whereby an inmate may seek formal review of aspects of his imprisonment. The inmate grievance procedure is detailed in Policy 510-01, effective February 28, 2004. Document # 37-2, page 3. The written policy indicates that, initially "inmates should first attempt to verbally resolve grievances, incidents, problems, or complaints through their housing unit staff." Id. If the issue is not resolved informally, the inmate may file a written grievance with the inmate's counselor within fifteen days following the event. Id. The policy further provides that within twenty days of the filing of the grievance, the inmate shall receive a written response. Id. In the event the inmate is unhappy with the initial result of the grievance, he may appeal within five working days to the Warden, who shall make a determination on the appeal within ten working days. Id.

### 3) Exhaustion applied

In this case, Defendants argue that Plaintiff has never filed an administrative grievance with respect to his incarceration at Erie County Prison. Document # 37-2, page 1. In his opposition brief, Plaintiff argues that he was not made aware of the administrative process at
6

Erie County Prison due to his status as a federal pre-trial detainee.[3] Document # 39, pages 3, 4, 5. Plaintiff's argument in this regard is sufficient to overcome the motion to dismiss as it is unclear whether Plaintiff had any administrative remedies **available** to him.

### D. Improper Defendants

Next, these Defendants argue that they are improper under 42 U.S.C. § 1983 because they were not acting under color of state law, but rather were acting pursuant to a federal court order of *habeas corpus ad prosequedum* in a criminal case entered by U.S. District Judge Cohill on July 29, 2005.

In order for Plaintiff to state a claim for relief under § 1983, he must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.1994).

Plaintiff names the U.S. Marshal's Service and Marshal Doe as defendants in this action. However, neither are state actors subject to liability under § 1983.

Sovereign immunity precludes suits against the United States and its agencies, see United States v. Mitchell, 445 U.S. 535, 538 (1980), and it is well-established that "no cause of action for damages for constitutional violations-whether called a *Bivens* action or not-is to be implied against government agencies." Taylor v. FDIC, 132 F.3d 753, 768 (D.C.Cir.1997). A *Bivens* cause of action was created in part because government agencies are immune from suit under the doctrine of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 485 (1994). To the extent Plaintiff attempts to assert a *Bivens* claim against the U.S. Marshals Service, his attempt fails. Id. at 485-86 (1994) (holding that sovereign immunity bars a *Bivens* action against the

---

[3] However, in his complaint, Plaintiff has indicated that he did not exhaust because "a writ of habeas corpus and this civil action is the only legal proceedings to take on unlawful custody to the best of the Plaintiff's knowledge and belief, and Plaintiff just came into knowledge of his unlawful custody and jurisdiction rights." Document # 5, page 6.

federal government or its agencies).  Therefore, the U.S. Marshal's Service should be dismissed as a Defendant from this action for lack of subject matter jurisdiction.

Even thought the U.S. Marshal Service should be dismissed from this action, Marshal Doe may individually be subject to liability under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (holding that a plaintiff can sue federal officers individually for damages caused by constitutional torts committed under color of their authority).

In as much as Plaintiff is a *pro se* litigant with the benefits of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521(1972)*(pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers") and its progeny, this Court will construe the allegations against Defendant Marshal Bill Doe as a *Bivens* claim, and therefore, the motion to dismiss should be denied.

### E. No constitutional deprivation

Next, Defendants argue that Plaintiff has failed to state a cognizable constitutional claim because he cannot show that he has been deprived of a constitutionally protected right.  More specifically, Defendants argue that Plaintiff has not established any injury due to the fact that if he were not incarcerated at Erie County Prison, he would be incarcerated within the state correctional system.  As pointed out in this Court's previous Report and Recommendation, Defendants are wrong in this regard.  Plaintiff has adequately alleged a due process claim[4] in

---

[4] See <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (a prisoner's due process rights are triggered by a deprivation of a liberty interest which may be shown when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); <u>Shoats v. Horn</u>, 213 F.3d 140, 144 (3d Cir. 2000) ("In deciding whether a protected liberty interest exists under <u>Sandin</u>, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions."); <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997) ("The baseline for determining what is atypical and significant [...] is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of

(continued...)

that he claims he is suffering atypical and significant hardship due to his lengthy erroneous incarceration at Erie County Prison. See *infra*, page 2. Additionally, Plaintiff alleges that he is being denied dental and medical care during his prolonged period of time due to his status. Such an allegation implicates the constitutional protections found in the Eighth and Fourteenth Amendments. While pleading these allegations is far removed from proving them, Plaintiff should have the opportunity to do so.

Accordingly, the motion to dismiss should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants U.S. Marshal Service and Marshal Bill Doe [Document # 36] be granted in part and denied in part. Specifically, the motion to dismiss should be granted as to Defendant U.S. Marshal Service and denied as to Defendant Marshal Bill Doe.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

> S/Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2008

---

[4](...continued)
his or her conviction in accordance with due process of law.").