## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUWLUS A. MUHAMMAD )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>U.S. MARSHAL SERVICE, et al, )<br>    Defendants. ) | C.A. No. 07-27Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendant Kinnane [Document # 41] be denied.

**II.    REPORT**

    **A.    Relevant History**

Plaintiff, acting *pro se*, originally brought this civil rights action against Defendants U.S. Marshal Service[1], Marshal "Bill Doe", Deputy Warden Vincent Kinnane of the Erie County Prison, and Attorney David Schroeder. At the time of the filing of the complaint, Plaintiff was incarcerated at the Erie County Prison pursuant to a federal writ of *habeas corpus ad prosequendum* and awaiting sentencing on federal criminal charges.

Generally, Plaintiff alleges that Defendants have detained him unlawfully by failing to return him to the state prison system under which he is serving a state sentence. Specifically, as to Defendant Kinnane, Plaintiff alleges, verbatim:

> 1) Deputy Warden Kinnane is the records and classification officer 2) who is official and lawful duty is to make sure that no citizen is unlawfully in custody,

---

[1] The U.S. Marshal Service has been terminated as a party to this action. See Documents ## 44, 48.

1

> detention and imprisonment in the Erie County Prison falsely 3) Defendant Kinnane, knowingly and willfully committed a joint and unlawful act to deprive the Plaintiff to be return to lawful jurisdiction of the state corrections Department of Justice 4) by failure to respond to the Plaintiff's requests to be removed from Defendant Kinnane's custody 5) and knowingly failed to get lawful jurisdiction to detain the Plaintiff in his custody 6) and did know the Plaintiff was not a county prison inmate by a court-ordered sentence. 7) Defendant Kinnane's willfully failed to know the federal court order releasing the Plaintiff on bail back into and under state jurisdiction. 8) Defendant Kinnane knowingly and willfully failed to deny the Plaintiff in his custody without lawful jurisdiction and proceedings. 9) Defendant Kinnane had been records and classifications officer for over 20 years and knew or should have known the Plaintiff should not have been accepted into the county prison facility, without a U.S. Marshal holding detainer warrant 10) knowing that the Plaintiff had been ordered released on a federal bail back to state jurisdiction 11) and did willfully in a joint act with marshal Bill Doe commit a unlawful detention without warrant, 12) which unlawfully detained the Plaintiff in the Erie County Prison facility for over 1½ years to present without lawful jurisdiction and due process to do so.

Document # 5, Complaint, pages 2-3. Plaintiff argues that he has been hindered in the overall rehabilitation process since he could not take maximum advantage of his state institutional opportunities for the last two years. Plaintiff maintains that as a result of this unlawful incarceration at Erie County Prison (as opposed to his lawful incarceration within the state correctional system), he has suffered harm which constitutes atypical and significant hardship. This harm includes: being classified as a maximum security prisoner; being ineligible for reassignments or transfer to less than maximum security and trustee status; being ineligible for study release and work release programs; being ineligible for preferred prison jobs which carry higher wages and entitle those holding them to additional good time credits, for furloughs, and training programs; being ineligible to live in preferred quarters such as dormitories outside prisons walls; being inhibited by the denial of possibility of parole or any community half-way house; being ineligible for any contact visits with family. Plaintiff also complains that due to his unusual status, he has not received needed dental and medical care during this period of time. As relief, Plaintiff seeks monetary damages.[2]

  Defendant Kinnane has filed a motion for summary judgment arguing only that Plaintiff

---

[2] Plaintiff has also filed a petition for *writ of habeas corpus*. See Muhammad v. Kinnane, C.A.No. 07-22E.

has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. Document # 41. Plaintiff has filed a brief in opposition. Document # 46. The issues are fully briefed and this motion is ripe for disposition by this Court.

### B.    Standards of Review
#### 1)    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2)    Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the

3

mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J.

v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. The Prison Litigation Reform Act

Defendant Kinnane argues that this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act.[3]

#### 1) The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional Facility until such *administrative remedies as are available* are exhausted.

Id. (italics added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a

---

[3] This Court notes that the federal Defendants previously attempted to raise the defense of failure to exhaust and that attempt was unsuccessful. See Documents ## 36, 44, and 48.

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional
(continued...)

5

technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

---

(...continued)
requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

### 2) The Administrative Process Available to Erie County Prison Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to inmates at the Erie County Prison. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Erie County Prison has established a multi-tier system whereby an inmate may seek formal review of aspects of his imprisonment. The inmate grievance procedure is detailed in Policy 510-01, effective February 28, 2004. See Document # 37-2, page 3. The written policy indicates that, initially "inmates should first attempt to verbally resolve grievances, incidents, problems, or complaints through their housing unit staff." Id. If the issue is not resolved informally, the inmate may file a written grievance with the inmate's counselor within fifteen days following the event. Id. The policy further provides that within twenty days of the filing of the grievance, the inmate shall receive a written response. Id. In the event the inmate is unhappy with the initial result of the grievance, he may appeal within five working days to the Warden, who shall make a determination on the appeal within ten working days. Id.

### 3) Exhaustion applied

In this case, Defendant Kinnane argues that Plaintiff has never filed an administrative grievance with respect to his incarceration at Erie County Prison. Document # 41. Defendant Kinnane provides the affidavit of Warden Veshecco in support of this argument. Id. Warden Veshecco states:

> "... [A] thorough review of the Erie County Prison records establishes that Plaintiff never availed himself of our grievance procedure which was in affect [sic] at that time to address his contention that he was being wrongfully detained in the Erie County Prison when he allegedly should have been detained in the state prison system. Plaintiff could have sought redress through the Erie County Prison grievance procedure during the previously referenced time period for his concern that he was being wrongfully incarcerated at the Erie County Prison."

Id.  In his opposition brief, Plaintiff argues that he was not made aware of the administrative process at Erie County Prison due to his status as a federal pre-trial detainee. See Document # 39 (brief in opposition to Defendants U.S. Marshal Service and Doe's motion to dismiss); Document # 46 (brief in opposition to Defendant Kinnane's motion for summary judgment).[5] In spite of the affidavit in support of Defendant Kinnane's argument, Defendant Kinnane has not demonstrated to the contrary. Importantly, there still remains a material issue of fact as to whether Plaintiff, as a federal pretrial detainee, had any administrative remedies **available** to him while he was "temporarily" incarcerated in the Erie County Prison.

Accordingly, the motion for summary judgment should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Defendant Kinnane [Document # 41] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2008

---

[5] In the previous Report and Recommendation rejecting the federal Defendants argument on this issue, this Court specifically held that Plaintiff's argument in this regard was sufficient to overcome the pending motion as it was unclear whether Plaintiff had any administrative remedies available to him. See Document # 44.