IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUWLUS A. MUHAMMAD )
    Plaintiff, )
     )
vs. )    C.A. No. 07-27Erie
     )    District Judge Cohill
U.S. MARSHAL SERVICE, et al, )    Magistrate Judge Baxter
    Defendants. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or in the alternative for summary judgment filed by Defendants U.S. Marshal Bill Doe [Document # 51] be granted. The Clerk of Courts should be directed to dismiss Defendant Bill Doe from this action.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, an inmate who was formerly housed at the Erie County Prison pursuant to a federal writ of *habeas corpus ad prosequendum* while awaiting sentencing on federal criminal charges, originally brought this civil rights action against Defendants U.S. Marshal Service, Marshal "Bill Doe", Deputy Warden Vincent Kinnane of the Erie County Prison, and Attorney David Schroeder.[1]

Generally, Plaintiff alleges that Defendants detained him unlawfully by failing to return him to the state prison system under which he was serving a state sentence. As to Defendant

---

[1] The U.S. Marshal Service has previously been dismissed from this action. Documents ## 44, 48.

1

Marshal Doe, Plaintiff specifically alleges, *verbatim*:

> 1) Marshall [sic] Bill Doe unlawfully in [sic] abuse of a lawful procedure rendered custody upon the Plaintiff to the custody and jurisdiction of the Erie County Prison 2) knowing Plaintiff was a state prisoner under state jurisdiction 3) released from federal custody and detention on bail August 4, 2005, from a federal indictment ordering and releasing the Plaintiff back into state custody to continue serving out a state ordered sentence 4) leaving the Plaintiff in the Erie County Prison custody and 5) unlawful jurisdiction for over one and a half years to present date without lawful authorization and due process to do so.

Document # 5, Complaint, page 2.

Further, Plaintiff argues that during his extended time at the Erie County Prison he was hindered in the overall rehabilitation process since he could not take maximum advantage of his state institutional opportunities. Plaintiff maintains that as a result of this unlawful incarceration at Erie County Prison (as opposed to his lawful incarceration within the state correctional system), he has suffered harm which constitutes atypical and significant hardship. This harm includes: being classified as a maximum security prisoner; being ineligible for reassignments or transfer to less than maximum security and trustee status; being ineligible for study release and work release programs; being ineligible for preferred prison jobs which carry higher wages and entitle those holding them to additional good time credits, for furloughs, and training programs; being ineligible to live in preferred quarters such as dormitories outside prisons walls; being inhibited by the denial of possibility of parole or any community half-way house; being ineligible for any contact visits with family. Plaintiff also complains that due to his unusual status, he has not received needed dental and medical care during this period of time. As relief, Plaintiff seeks monetary damages.

Defendant U.S. Marshal Bill Doe has filed a motion to dismiss or in the alternative for summary judgment [document # 51] and Plaintiff has filed a brief in opposition [document # 54]. The issues are fully briefed and this motion is ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson,

355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) <u>citing</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. <u>Twombly</u>, 550 U.S. at ___, 127 S. Ct. at 1965 <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." <u>Smith v. Sullivan</u>, 2008 WL 482469, at *1 (D.Del. February 22, 2008) <u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 232 <u>quoting</u> <u>Twombly</u>, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

4

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

C. **Procedural History of the Underlying Criminal Case**

In 2005, Plaintiff was serving a state sentence of incarceration at the SCI-Smithfield. On July 13, 2005, Plaintiff was indicted on a federal charge of mailing threatening communications in violation of 18 U.S.C. § 876. On July 29, 2005, this Court granted the federal prosecutor's motion for writ of *habeas corpus ad prosequedum*[2] and ordered the Warden of SCI-Smithfield to release Plaintiff to the custody of the U.S. Marshal Service. The Order indicated that Plaintiff should be transported to this federal court in Erie, Pennsylvania, for his initial appearance on the federal charge on August 4, 2005; that Plaintiff should remain in federal custody until the completion of his trial on the pending federal charges; and that Plaintiff should be returned to the Warden of SCI-Smithfield when Plaintiff's presence was no longer necessary for the prosecution of the federal charges.

Petitioner was brought before this Court for an initial appearance on August 4, 2005.[3]

---

[2] A prisoner detained pursuant to a writ of *habeas corpus ad prosequendum* is considered to remain in the primary custody of the first sovereign–in this case, the Commonwealth of Pennsylvania–unless and until the first sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

[3] On August 4, 2005, the undersigned conducted an initial appearance and, in accordance with the customary practice for criminal defendants who were to remain in federal custody while serving the balance of a state sentence, issued an order under the Bail Reform Act, technically issuing a recognizance bond and release order, which was in effect a nullity in light of Plaintiff's service of his state sentence. On May 14, 2007, the Honorable Maurice B. Cohill ordered that the release order and recognizance bond be vacated, that Plaintiff remain in the custody of the U.S. Marshal Service pursuant to the terms of the Order dated July 29, 2005, granting the government's motion for a writ of *habeas corpus ad prosequendum*, and that Plaintiff remain in such custody until the conclusion of the federal prosecution. District Judge Cohill further ordered that if Plaintiff was released on his state sentence prior to the conclusion of the federal prosecution, he was to be brought before a U.S. Magistrate Judge for a detention

(continued...)

Following the initial appearance, Petitioner was taken by the U.S. Marshal Service to the Erie County Prison,[4] where he was held awaiting the conclusion of his federal prosecution. See U.S.A. v. Muhammad, Criminal Action No. 05-35E, Document # 1-12, 78-79.

On August 16, 2007, following a jury trial presided over by Judge Cohill, Plaintiff was found guilty of five counts of mailing threatening communications in violation of 18 U.S.C. § 876. On November 28, 2007, Judge Cohill sentenced Plaintiff to a term of 175 months imprisonment and thereafter remanded Plaintiff to the custody of the U.S. Marshal Service. By December 11, 2007, the U.S. Marshal Service had returned Plaintiff to state custody in satisfaction of the writ of *habeas corpus ad prosequendum* and the state had re-incarcerated Plaintiff at SCI Smithfield. See U.S.A. v. Muhammad, Criminal Docket No. 05-35, Document # 130, # 145, # 146, # 149.

### D.    Judicial Immunity

It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356.

Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211

---

[3](...continued)
hearing for a determination as to whether he should be detained pending trial on the federal charges. U.S.A. v. Mohammad, Criminal Action No. 05-35E, Document # 79.

[4] Pursuant to 18 U.S.C. §§ 4002, 4006, 4013, the U.S. Marshal Service enters into agreements with local jail facilities to house federal detainees pending federal judicial proceedings. The U.S. Marshal Service has entered into such an agreement with the Erie County Prison. Document # 52.

7

F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit).

      Officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity for actions taken to execute that order. Lepre v. Tolerico, 156 Fed. Appx. 522 (3d Cir. 2005) quoting Waits v. McGowan, 516 F.2d 203, 206-07 (3d Cir. 1975) (holding that employees acting pursuant to a valid bench warrant entitled to absolute immunity); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967) (holding employees of the judiciary are entitled to absolute immunity when executing judicial orders); Villanueva v. County of Montgomery, 1994 WL 396368, at *2 (E.D.Pa. 1994) (sheriff' deputies absolutely immune from liability arising from the execution of a facially valid bench warrant). See also Richman v. Sheahan, 270 F.3d 430, 436 (7th Cir. 2001) ("[W]e have recognized absolute immunity for law enforcement officers when the challenged condition [...] was specifically ordered by the judge."); Patterson v. Von Riesen, 999 F.2d 1235, 1240 (8th Cir. 1993) (prison wardens absolutely immune from liability for continuing to incarcerate prisoner pursuant to valid court order); Valdez v. City & County of Denver, 878 F.2d 1285 (10th Cir. 1989) ("[E]nforcing a court order or judgment is intrinsically associated with a judicial proceeding.").

      Here, there is no doubt that Defendant Marshal Doe was acting pursuant to a facially valid order of this Court. This Court ordered that Plaintiff be removed from SCI-Smithfield to the custody of the U.S. Marshal Service to face the pending criminal charges and to remain in the custody of the U.S. Marshal Service until such time as this Court no longer needed his presence. Defendant Doe acted pursuant to this order. See Documents # 52-1 through 52-8.

      Accordingly, Defendant Doe is entitled to the protections of absolute immunity and the motion for summary judgment should be granted.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or in the alternative for summary judgment filed by Defendants U.S. Marshal Bill Doe [Document # 51] be granted.  The Clerk of Courts should be directed to dismiss Defendant Bill Doe from this action.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: February 20, 2009