IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUWLUS A. MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-27E |
| | ) | Judge Cohill |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| U.S. MARSHAL SERVICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motions for Summary Judgment filed by Defendants Kannine (Doc. 66) and Schroeder (Doc. 67) be granted[1].

### II. REPORT

Buwlus Muhammad is a state prisoner currently incarcerated in the State Correctional Institution at Cresson, Pennsylvania. Plaintiff's claims arise out of his detention at the Erie County Prison from July 29, 2005, through November 28, 2007, while awaiting trial on federal charges. Both of the remaining Defendants have filed Motions for Summary Judgment, and Plaintiff has responded to those motions.

#### A. Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,

---

[1] Defendants U.S. Marshal Service and Marshal Doe were previously dismissed from this case (Docs. 48 and 60).

475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242

(1986).  The inquiry involves determining "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law."  Id., at 251-52.

**B.**     **Analysis**

**1.     Denial of transfer to state custody.**

Plaintiff, while serving a state sentence, was charged with unrelated federal crimes.

Plaintiff was "borrowed" from state custody pursuant to a July 9, 2005 order granting a petition

for writ of habeas corpus *ad prosequedum*, and he was thereafter transferred to the Erie County

Prison under an agreement with the United States Marshal's Service.  Plaintiff remained at the

Erie County Prison until after sentence was imposed on the federal charges on November 28,

2007.  He was thereafter returned to state officials.  Plaintiff asserts that he should have been

transferred to a state correctional institution from the Erie County Prison in early August, 2005,

and that his right to due process was violated when this was not accomplished.

The genesis of Plaintiff's claim was explained in Magistrate Judge Susan Baxter's Report

and Recommendation, eventually adopted by the Court, with respect to Defendant Doe's Motion

for Summary Judgment:

> On August 4, 2005, [Magistrate Judge Baxter] conducted an initial appearance
> and, in accordance with the customary practice for criminal defendants who were
> to remain in federal custody while serving the balance of a state sentence, issued
> an order under the Bail Reform Act, technically issuing a recognizance bond and
> release order, which was in effect a nullity in light of Plaintiff's service of his
> state sentence.  On May 14, 2007, the Honorable Maurice B. Cohill ordered that
> the release order and recognizance bond be vacated, that Plaintiff remain in the
> custody of the U.S. Marshal Service pursuant to the terms of the Order dated July
> 9, 2005, granting the government's motion for a writ of habeas corpus *ad*

> *prosequendum*, and that Plaintiff remain in such custody until the conclusion of
> the federal prosecution.

(Doc. 57, p. 6, ftnt. 3).  Plaintiff's claim against Defendant Doe was that Doe improperly

returned him to the Erie County Prison after August 4, 2005.  Defendant Doe was granted

summary judgment on the basis that Doe possessed quasi-judicial immunity because he acted in

reliance on a facially valid order of court in placing Plaintiff at the Erie County Prison (Doc. 57,

p. 8).

The two remaining Defendants are the Assistant Warden at the Erie County Jail, Mr.

Kannine, and Plaintiff's court-appointed attorney for his federal criminal case, Mr. Schroeder.

Plaintiff's claims against each of these Defendants are similar to the claim made against

Defendant Doe.  Plaintiff asserts that each of these Defendants had a duty to ensure his return to

a state correctional facility after he was "released" on bond on August 4, 2005.  However, as

noted above, Judge Cohill vacated the order releasing Plaintiff on bond.  Further, the Court has

already ruled that the order releasing Plaintiff on bond was a legal nullity even before it was

vacated by Judge Cohill.

A valid Section 1983 claim requires proof:  1) that the alleged misconduct was committed

by a person acting under color of state law; and 2) that as a result, Plaintiff was deprived of

rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42 (1988).  Plaintiff's claims here rely entirely upon his wishful

interpretation of the August 4, 2005 order.  That order did not, as Plaintiff insists, give him the

right to be transferred to a state institution.  Plaintiff's claim that either of the remaining

Defendants was under a legal obligation to ensure his return to a state institution simply is

incorrect, because neither Defendant had a duty to enforce an order that was a nullity, and that

ultimately was vacated in any event.  Plaintiff was, at all times, held in the Erie County Jail

pursuant to a court order directing that this occur (Doc. 57).  Defendants are entitled to summary judgment on this claim.[2]

### 2.    <u>Medical claims – Defendant Kannine</u>

Plaintiff also makes two claims for denial of medical treatment against Defendant Kannine.  Plaintiff testified at his deposition that, while incarcerated at the Erie County Prison, he requested and was denied surgery for a hernia "through the Erie County Medical Department" (Doc. 69-11, p. 22).  Likewise, Plaintiff requested new dentures from the dentist at the Erie County Prison, but was informed that the United States Marshal's Service refused to pay for new dentures (<u>Id</u>., p. 24).  With respect to Defendant Kannine, who is the Assistant Warden at the Erie County Prison, Plaintiff testified that he "probably talked to Kannine about my dentures and medical" and that Kannine is responsible because he is "the reviewing officer" (<u>Id</u>., p. 28).

First, Plaintiff's assertion that Kannine is the "reviewing officer" is nothing more than an attempt to make Kannine vicariously liable for the alleged inaction of medical personnel.  Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.*  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988).  Second, although Plaintiff states that he informed Kannine about his dispute with medical staff, this is not sufficient to state a claim because Kannine is permitted to presume that his medical personnel were acting in accordance with the law.  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . .

---

[2] Defendant Kannine also is entitled to summary judgment premised upon the same quasi-judicial immunity possessed by Defendant Doe.  <u>See</u> <u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1240 (8th Cir. 1993) (prison wardens absolutely immune from liability for continuing to incarcerate prisoner pursuant to valid court order).  Defendant Schroeder also has an additional basis for summary judgment because defense attorneys are not state actors for purposes of 42 U.S.C. § 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney not acting under color of state law).

will not be chargeable with the Eighth Amendment scienter requirement of deliberate

indifference." <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004).  Here, Plaintiff admittedly was

seen by prison medical and dental personnel, and those personnel denied the specific treatments

Plaintiff desired.  Plaintiff's mere communication to Kannine of his disagreement with medical

personnel is insufficient to permit the Court to infer that Kannine had a subjective intent to deny

Plaintiff necessary medical treatment.

### III. <u>CONCLUSION</u>

It is respectfully recommended that Defendants' Motions for Summary Judgment (Docs.

66 and 67) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule

72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by November 10, 2009.

<u>s/ Cathy Bissoon</u>
Cathy Bissoon
United States Magistrate Judge

Date:  October 27, 2009

cc:
BUWLUS A. MUHAMMAD
GA-4761
SCI Cresson
P.O. Box A
Cresson, PA 16699-0001